UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHERON WILLIAMS,

    Petitioner,

                                      Case No: 04-73326
                                      HON. AVERN COHN

v.

KENNETH T. MCKEE,

    Respondent.
_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. §2254. Sheron Williams, ("Petitioner"), filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights, raising six claims detailed below. Respondent argues that Petitioner's claims are procedurally defaulted. For the reasons that follow, the petition will be denied.

### II. Statement of Facts

The material facts as gleaned from the record follow.

Petitioner's conviction arises out of the July 5, 2000 shooting death of William Smith outside of a home located on Warren in Detroit, Michigan. Petitioner admittedly shot and killed William Smith. However, his defense at trial was that the crime was committed in self-defense. In Petitioner's statement to the police, he claimed that William Smith pulled out a gun and threatened the Petitioner. A fight and argument

ensued over the gun, after which the gun discharged and William Smith was shot in the chest.

### III. Procedural History

Petitioner was convicted of second degree murder and possession of a firearm during the commission of a felony. On April 19, 2001, Petitioner was sentenced to twenty-five to fifty years' imprisonment for the second degree murder conviction and a consecutive sentence of two years imprisonment for the felony firearm conviction.

Petitioner filed a direct appeal initially raising two issues and then supplementing the appeal with an additional four issues, as follows:

Claim 1  whether the prosecutor engaged in misconduct when she shifted the burden of proof, denigrated defense counsel, and cited biblical text in her closing and rebuttal arguments;

Claim 2  whether Petitioner should be re-sentenced due to the trial court's denial of his right to allocution and his opportunity to present mitigating factors which could have lessened his sentence;

Claim 3  whether the prosecutor engaged in misconduct when she improperly introduced evidence that the Petitioner failed to volunteer information and turn over physical evidence concerning his involvement with the murder upon first being interrogated by the police;

Claim 4  whether Petitioner was denied a fair trial when evidence concerning Petitioner's prior car-jacking and weapons' offense was improperly admitted into evidence;

Claim 5  whether Petitioner was denied effective assistance of counsel and his right to present a defense when his trial attorney failed to place an objection on the record regarding the admission of the prior bad act evidence (car-jacking and weapons offense) and his failure to object when the prosecutor improperly admitted evidence that the Petitioner allegedly failed to cooperate with the police upon first being interrogated; and

Claim 6  whether Petitioner was denied a fair trial when the prosecutor

> questioned a defense witness for impeachment purposes regarding why she did not come to the police before trial with information she possessed about William Smith's death.

The Michigan Court of Appeals, in a thorough-going analysis of Petitioner's claims, affirmed Petitioner's convictions. People v. Williams, 2003 WL 459986 Mich. Ct. App. No. 234928 (per curiam) (February 21, 2003). The Michigan Supreme Court denied Petitioner's delayed application for leave to appeal. People v. Williams, 469 Mich. 875 (Aug. 29, 2003).

On August 25, 2004, Petitioner filed the instant petition, raising the same six claims presented to the state courts.

## IV. Standard of Review

Under 28 U.S.C. §2254(d), a petitioner is not entitled to relief in a federal habeas corpus proceeding unless the state court's adjudication of his or her due process claim resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

"Clearly established federal law" means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13.

3

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Furthermore, a federal court may not issue a writ of habeas corpus under the "unreasonable application" clause of 28 U.S.C. §2254(d) "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 365; see also, Prince v. Vincent, 538 U.S. 634, 638-39 (2003). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable," as opposed to transforming the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was reasonable. Williams v. Taylor, 529 U.S. at 411.

Therefore, the threshold inquiry in this case is whether the Petitioner seeks to apply a rule(s) of law that was clearly established at the time of his conviction in the state court. See Id. at 412.

### V. Analysis

**A. Procedural Default**

Respondent contends that all of Petitioner's claims are procedurally defaulted because Petitioner did not place objections on the trial court record or otherwise properly preserve the issues presently before this Court. Petitioner does not dispute

4

that the claims raised in the petition were not properly preserved for appeal. In other words, he concedes that his claims are procedurally defaulted. Thus, the only question is whether Petitioner can overcome his default.

When a petitioner has procedurally defaulted in the state courts, a federal court on habeas review will only entertain the defaulted issue if the petitioner can show "cause" for the procedural default and "actual prejudice" as a result of the alleged federal violation. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner maintains that his trial counsel was ineffective for failing to preserve two of the issues (i.e., Claims 3 and 4) thereby substantiating his argument that the deprivation of his Sixth Amendment right to effective assistance of counsel was the "cause" of his procedural default relative to these two issues. Regarding three of the remaining issues (i.e., Claims 1, 2, and 6 - with Claim 5 being the ineffective of assistance of counsel claim), Petitioner does not allege that his attorney was ineffective for failing to raise these issues at trial. However, Petitioner asserts that because these issues were not preserved, he was denied his constitutional right to a fair trial, and therefore suffered "actual prejudice."

To demonstrate that counsel was ineffective and that Petitioner was denied a fair trial, he must show that he was prejudiced by the actions of his trial counsel, the prosecutor and the trial court, which in turn requires an examination of the merits of the habeas claims before the Court. Given that the cause and prejudice inquiry merges with an analysis of the merits of Petitioner's defaulted claims, it is more prudent to consider the merits of Petitioner's claims, as set forth below. Strickler v. Greene, 527

U.S. 263, 282 (1999); Jamison v. Collins, 100 F.Supp.2d 647, 676 (S.D. Ohio 2000).

### B. Claims 1, 3, & 4 - Prosecutorial Misconduct

Three of Petitioner's claims touch upon the issue of prosecutorial misconduct. Petitioner asserts that the prosecutor engaged in misconduct by: (1) (Claim 1) shifting the burden of proof; denigrating defense counsel, and injecting religion into her closing and rebuttal arguments; (2) (Claim 3) improperly introducing evidence that the Petitioner failed to volunteer information and turn over physical evidence concerning his involvement with the murder upon first being interrogated by the police; and (3) (Claim 4) improperly introducing evidence concerning Petitioner's prior car-jacking and weapons' offense.

Claims of prosecutorial misconduct are reviewed deferentially on habeas review. Millender v. Adams, 376 F.3d 520, 528 (6th Cir. 2004). To be cognizable, the prosecutor's misconduct "must have 'so infected the trial with unfairness as to make the resulting conviction a denial of due process." Bowling v. Parker, 344 F.3d 487, 512 (6th Cir. 2003), quoting, Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" Pritchett v. Pitcher, 117 F.3d 959, 964 (6th Cir. 1997). In this regard, "the touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." Serra v. Michigan Department of Corrections, 4 F.3d 1348, 1355 (6th Cir. 1993) (quoting, Smith v. Phillips, 455 U.S. 209, 219 (1982)).

The Court must first determine whether the prosecutor's conduct was improper. If a statement was improper, four factors must be considered in determining whether the impropriety is so flagrant "as to render the entire trial fundamentally unfair:" (1) the likelihood that the remarks would mislead the jury or prejudice the accused; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally presented; and (4) whether other evidence against the defendant was substantial. Bowling v. Parker, 344 F.3d at 512. In considering these four factors, a federal court must bear in mind the heightened deference a habeas court must give under the AEDPA to a state court's evaluation of the petitioner's claim. Id. at 513, citing, Macias v. Makowski, 291 F.3d 447, 453-54 (6th Cir. 2002). The Court will address each of the three issues giving rise to Petitioner's prosecutorial misconduct claim.

## 1. Shift of Burden of Proof, Denigration of Defense Counsel & Biblical Reference (Claim 1)

### a. Shift Burden of Proof

The Court's review of the alleged improper prosecutorial comments is "the narrow one of due process, and not the broad exercise of supervisory power." Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974). During the prosecutor's closing rebuttal argument, she stated the following:

> Reasonable doubt is not based on maybe, it's not based on possibilities, and it is not based on assumptions. She said, well, let's assume the defendant's story happened. That's not what reasonable doubt is. You have to have concrete evidence that it happened the way the defendant

7

says it happened, and the concrete evidence goes just to the opposite.

(Trial Transcript, Vol. III, pp. 87-88).

The Michigan Court of Appeals held that the prosecutor did not commit misconduct, explaining:

> The prosecutor did not impermissibly shift the burden of proof during rebuttal argument. The prosecution was only insinuating that, contrary to defense counsel's closing argument, there was no reasonable doubt. Arguments regarding the weight of the evidence and credibility of the witnesses do not shift the burden to the defendant to prove his innocence, but rather, question the reliability of the testimony and evidence presented. Fields, supra at 107. Arguing that evidence does not exist attacks the credibility of the theory presented by the defense, rather than shifting the burden to defendant. Id. at 106. The prosecution was merely arguing that evidence did not exist for defendant's self-defense theory. "[W]here a defendant ... advances, either explicitly or implicitly, an alternate theory of the case that, if true, would exonerate defendant, comment on the validity of the alternate theory cannot be said to shift the burden of proving innocence to the defendant." Id. at 115. Defendant raised the self-defense theory through his own statement given to the police and through Nicole Brooks' testimony at trial. Therefore, defendant advanced this theory, and the argument on the inferences did not shift the burden to defendant. The prosecutor did not require defendant to disprove an element of the charged offense. Id. at 113. The prosecution did not assert that defendant was required to prove anything or to produce evidence, but rather, merely argued that the evidence produced did not support defendant's theory. Accordingly, there was no error requiring reversal.

2003 WL 459986 at * 1.

The Court agrees with the Michigan Court of Appeals' analysis and conclusion. These statements in no way imposed upon the jury a presumption which conflicted "with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime." Morissette v. United States, 342 U.S. 246, 275 (1952). The complained of statements were "at most tangentially related to the burden of proof." O'Bryan v. Estelle, 714 F.2d 365, 387 (5th Cir. 1983).

8

Therefore, Petitioner is not entitled to habeas relief on this ground.

### b. Denigration of Defense Counsel

In assessing whether prosecutorial misconduct renders a trial fundamentally unfair, courts are to consider the pervasiveness of any misconduct, its egregiousness, its deliberateness, and its weight in light of the evidence of guilt. Paprocki v. Foltz, 869 F.2d 281, 288 (6th Cir. 1987). A prosecutor may conduct himself or herself in a manner that "deserves condemnation," but still is not egregious enough to deprive the defendant of a fair trial. Darden v. Wainwright, 477 U.S. 168, 179 (1986).

The statements at issue are as follows:

> But listen to this, to the extent you're focusing on some TV show that you saw, if you're way over here focusing on some TV show and if you're over here hypothesizing about this and that and the another, if you are focusing - - and this is what I couldn't get. She's sort of attacking everybody in this case, she attacks. She finds something snotty and nasty to say about everybody.
>
> * * *
>
> What I'm saying is, by her focusing your attention on those extraneous things, she's not focusing your attention on the defendant's nonsensical statement, she's not focusing you're attention on the medical evidence.

(Trial Transcript, Vol. III, pp. 88-89). Petitioner argues that the prosecutor's statements equate to accusing defense counsel of misleading the jury and throwing suspicion upon the defense counsel's motives in presenting Petitioner's defense in the manner it was presented.

Because Petitioner's trial counsel did not object to these statements, the court of appeals reviewed them for plain error and concluded that the comments were not

9

improper, stating:

> Viewed in context, the prosecutor did not argue that defense counsel lied or was trying to intentionally mislead the jury with regard to the facts. The prosecutor was merely pointing out the weaknesses and deficiencies in defendant's case. Defense counsel questioned the credibility of the prosecution's witnesses, and the prosecutor asked the jury to look at the evidence beyond the credibility of the witnesses. Nothing can be construed as denigration of defense counsel, and thus, no prosecutorial misconduct occurred. Therefore, there was no plain error that affected defendant's substantial rights.

Id. at *2.

Again the Court agrees with the court of appeals. A review of the challenged statements which were made during the prosecutor's rebuttal closing argument does not reveal such severe, pervasive, and inflammatory denigrating comments so as to render Petitioner's trial fundamentally unfair. Petitioner is therefore not entitled to habeas relief on this ground.

### c. Biblical Reference

When assessing the issue of religion being improperly injected into a trial proceeding by the prosecutor, the prosecutor's statements must be read in context. Kindler v. Horn, 291 F.Supp.2d 323, 363-64 (E.D. Pa. 2003). The challenged biblical remarks made during closing argument by the prosecutor are as follows:

> There's a verse in the Bible, Proverbs I think it's 23.:1 that says, 'The wicked flee when no man pursueth but the righteous are as bold as a lion." Well, he flees, he fled when nobody is pursuing him. He fled and hid himself away for two days, until he finally turned himself in with an attorney.

(Trial Transcript, Vol. III, pg. 58). The court of appeals, reviewing for plain error, concluded that the comments were not improper:

10

> The prosecutor's statement did not constitute an appeal to the jury's passions or prejudices to help secure a conviction on religious grounds. The defense was that defendant acted in self-defense in shooting and killing William Smith. Viewing the prosecutor's comments in context, she used the passage to illustrate that someone who killed in self-defense typically would have no reason to flee the scene of the incident.  Moreover, that the fact that defendant fled made it more probable he was guilty.  Thus, the comments were not made in an effort to appeal to the jurors' religious convictions and the prosecution's reference to biblical text, in response to defendant's claim of self-defense, neither deprived defendant of a fair trial nor constituted prosecutorial misconduct. In any event, even assuming improper prosecutorial comment, defendant has not shown that he was prejudiced to the extent that the error could not have been cured by a cautionary instruction.  Schutte, supra at 721.  Accordingly, no plain error existed that affected defendant's substantial rights.

Id. at *3.

The Court agrees.  Although referencing a biblical verse, these comments were not made in an attempt to appeal to the religious convictions or beliefs of the jurors. The court of appeals' determination was not unreasonable.  As such, habeas relief is not warranted on this ground.

### 2. Improper Introduction of Evidence (Claims 3 & 4)

Petitioner claims that the prosecutor engaged in misconduct when she introduced two pieces of evidence at trial.  First, Petitioner asserts that the prosecutor improperly introduced evidence about Petitioner not being particularly cooperative at the onset of the investigation into William Smith's death.  As a result, Petitioner argues that his option to exercise his Fifth Amendment right to remain silent while being interrogated was being used against him at trial, therefore making the introduction of that evidence wrongful and indicative of prosecutorial misconduct.  The Court disagrees for two reasons.

First, the Michigan Court of Appeals, in reviewing Petitioner's claim for plain

11

error, held that Petitioner opened the door to testimony regarding Petitioner's degree of cooperativeness during the investigation of William Smith's death. Defense counsel cross-examined one of the investigators about how cooperative Petitioner was during the investigation and regarding the voluntariness of Petitioner's statement to the police. The testimony suggests that Petitioner was being forthcoming, honest and truthful about William Smith's death and that his death occurred due to an act of self-defense. With the door open, the prosecutor was then able to introduce evidence to dispute Petitioner's level of cooperativeness.

Second, relative to Petitioner's Fifth Amendment argument, the Fifth Amendment safeguards that "no person . . . shall be compelled in any criminal case to be a witness against himself . . ." Neither a prosecutor nor a trial judge may comment upon a criminal defendant's failure to testify. Griffin v. California, 380 U.S. 609, 614 (1965). This rule applies both to direct and indirect comments on the failure to testify. Eberhardt v. Bordenkircher, 605 F.2d 275, 279 (6th Cir. 1979). That, however, is not the set of circumstances before the Court. The record does not reflect that Petitioner clearly and unequivocally invoked his right to remain silent during the investigation or prior to trial. The prosecutor during trial merely sought to contest evidence that was first presented by defense counsel.

Accordingly, the Michigan Court of Appeals holding relative to the introduction of the evidence was not contrary to, or an unreasonable application of, clearly established federal law so as to entitle Petitioner to habeas relief. As such, Petitioner is not entitled to habeas relief on this claim.

The second introduction of evidence issue concerns Petitioner's allegation that the prosecutor improperly introduced evidence concerning Petitioner's prior car-jacking and weapons' offense (i.e., prior bad acts). As to this issue, Petitioner not only faults the prosecutor for introducing the evidence, but also says the trial court erred in admitting the evidence.

Relative to the alleged prosecutorial misconduct prong of Petitioner's argument, the Court again finds that Petitioner opened the door regarding this evidence during cross-examination of a prosecution witness. Therefore, for the reasons previously stated, this argument is without merit.

Regarding the trial court's alleged error in its admission of "prior bad acts" evidence against Petitioner, this claim lacks merit. There is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003). Petitioner is therefore, not entitled to habeas relief on this claim.

### C. Claim 2 - Denial of Right to Allocution

Petitioner asserts that he is entitled to habeas relief in the form of a re-sentencing because he was denied the right to allocution which in turn deprived him of the opportunity to present mitigating factors to the trial court in an effort to lessen his sentence. Petitioner's argument fails for two reasons. First, the failure of the trial court to afford a defendant allocution before sentencing is not a constitutional error, as there is no right to allocution under the federal constitution. Hill v. United States, 368 U.S.

424, 428 (1962); <u>Cooey v. Coyle</u>, 289 F.3d 882, 912 (6th Cir. 2002). Because federal habeas corpus relief exists only to redress violations of federal constitutional rights, habeas relief is not available to the Petitioner relative to this claim.

Second, as a factual matter, although the trial court briefly interrupted Petitioner during his allocution, he was provided the opportunity to continue speaking on his own behalf but declined to do so. The dialogue was as follows:

| | |
|---|---|
| The Court: | Mr. Williams, do you want to make any comments? |
| The Defendant: | Yes.. Your Honor. I would like you the Court, the deceased's family, my family to know I was put in a predicament where I had to defend myself. And if the deceased would not have pulled that gun out - - |
| The Court: | You can talk about the sentence, but I'm not going to talk about what happened here. Anything else you want to talk about, you may do so, but we're not going to revisit that trial. |
| The Defendant: | I apologize. I'm through man. |

(Sentencing Transcript, pg. 20). Therefore, Petitioner was not denied the opportunity to fully allocute and the Michigan Court of Appeals was not unreasonable in concluding the same.

### D. Claim 5 - Ineffective Assistance of Counsel

Petitioner maintains that because no objections were placed on the record by defense counsel relative to the introduction and admission of the above stated lack of cooperation evidence and the "prior bad acts" evidence that Petitioner's trial counsel was ineffective. The Michigan Court of Appeals concluded that trial counsel was not ineffective.

To prevail on his ineffective assistance of counsel claim, Petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984); See Cathron v. Jones, 190 F.Supp.2d 990, 996 (E.D. Mich. 2002). Strickland established a two-prong test for claims of ineffective assistance of counsel: the Petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687.

To show prejudice under Strickland for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different. Hinkle v. Randle, 271 F.3d 239, 245 (6th Cir. 2001).

Petitioner cannot show that he was prejudiced by defense counsel's failure to object to the prosecutors questions, which led to the admission of the above stated lack of cooperation evidence and the "prior bad acts" evidence, for two reasons. First, the appellate courts did not find the prosecutor's questioning to be improper and, as discussed above, the Court has found that the prosecutor's conduct did not rise to the level of prosecutorial misconduct, warranting habeas relief. Second, because the prosecutor's questioning was not improper, defense counsel's failure to object to said questioning at trial does not demonstrate ineffective assistance of counsel. The Michigan Court of Appeals' similar conclusion was not unreasonable or contrary to Supreme Court precedent. Thus, Petitioner is not entitled to habeas relief on this claim.

### E. Claim 6 - Improper Impeachment of Defense Witness

Finally, Petitioner claims that he was denied a fair trial because of the improper impeachment by the prosecutor of a non-alibi witness. Petitioner says that questioning a non-alibi witness regarding why that witness did not come forward with exculpatory evidence relative to the Petitioner's innocence was improper and should not have been permitted by the trial court. The court of appeals found no plain error resulting from the questioning.

Erroneous evidentiary rulings by a state trial court generally do not rise to the level of constitutional violations. Allen v. Morris, 845 F.2d 610, 614 (6th Cir. 1988). Here the fact that the witness, Nicole Brooks, had exculpatory information "of such a nature that the witness would have a natural tendency to come forward with it prior to trial" was fair ground for cross-examination. See People v. Emery, 150 Mich. App. 657, 666 (1986). Therefore, Petitioner is not entitled to habeas relief on this claim.

### VI. Conclusion

For the reasons stated above, Petitioner is not entitled to habeas relief on of his claims. Accordingly, the petition is **DENIED**. This case is **DISMISSED**.

**SO ORDERED**.

Dated: August 14, 2007             s/Avern Cohn
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

**04-73326 Williams v. McKee**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 14, 2007, by electronic and/or ordinary mail.

                                             s/Julie Owens
                                            Case Manager, (313) 234-5160