UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERON WILLIAMS,

    Petitioner,

                                      Case No: 04-73326
                                      HON. AVERN COHN

v.

KENNETH T. MCKEE,

    Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. §2254. Sheron Williams, ("Petitioner"), filed a petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights, raising six claims. Respondent argued that Petitioner's claims were procedurally defaulted because Petitioner failed to properly preserve them. Petitioner admitted that the claims were defaulted but argued that he had overcome his default by showing cause and prejudice. The Court considered the claims on the merits and denied the petition. See Opinion and Order Denying Petition for Writ of Habeas Corpus, filed August 14, 2007.

Before the Court is Petitioner's motion for a certificate of appealability. For the reasons that follow, the motion will be denied.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability

1

(COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

] Petitioner raised six claims, concerning issues relating to prosecutorial misconduct, denial of right to allocution, improper admission of evidence, and ineffective assistance of counsel. Petitioner conceded that the claims were procedurally defaulted.

However, because the cause and prejudice inquiry effectively merges with an analysis of the merits of the defaulted claims, the Court considered them on the merits and explained why the claims did not warrant habeas relief. Petitioner's request for a COA essentially contains the same arguments considered and rejected in denying the petition. Under these circumstances, the Court relies on the reasons stated in the August 14, 2007 decision and finds reasonable jurists would not debate these conclusions. Accordingly, Petitioner's request for a COA is DENIED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Sheron Williams, 363987, Riverside Correctional Facility, 777 W. Riverside Road, Ionia, MI 48845 on this date, September 25, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160